UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER DILLARD, MEL JENKINS,
JIMMIE REED, JR., AND QUIJOHNNA
WILSON,

       Plaintiffs,

v.                                     Case No. 05-CV-72621-DT

INALFA ROOF SYSTEMS,

       Defendant.
                                            /

**OPINION AND ORDER DENYING DEFENDANT'S
"MOTION FOR ATTORNEYS' FEES"**

      Pending before the court is Defendant Inalfa Roof Systems's ("Infala's") "Motion for Attorney Fees." In its motion, Inalfa requests that the court award Inalfa its attorneys' fees and costs as the prevailing plaintiff in a Title VII case. For the reasons stated below, the court will deny Defendant's motion.

**I. BACKGROUND**

      Defendant Inalfa is a supplier of sunroof systems for the automotive industry. Inalfa employs Plaintiffs Christopher Dillard, Mel Jenkins, Jimmie Reed Jr., and Quijohnna Wilson. Their employment is governed by the Collective Bargaining Agreement ("CBA") negotiated on their behalf by their union, the United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW"). The CBA contains a grievance procedure culminating in final and binding arbitration. Inalfa has adopted a non-discrimination policy, which is set forth in the CBA and in the Inalfa Employee Handbook. The policy establishes a grievance procedure to resolve the

complaints of any employee who feels "subject to discrimination or harassment" in connection with their employment at Inalfa.

Plaintiffs Dillard, Jenkins, Reed and Wilson filed charges with the EEOC on March 15, 2005, February 1, 2005, December 20, 2004 and December 13, 2004, respectively. These EEOC charges alleged violations of Title VII on the basis of race and sex. The EEOC granted Inalfa's request to consolidate the charges filed by Jenkins, Reed and Wilson for purposes of investigation. Their charges were subsequently dismissed because the EEOC's investigation did not uncover any information that established a violation of Title VII. All four Plaintiffs initiated the present action against Inalfa on June 30, 2005. Their complaint alleged racial discrimination and racial and sexual harassment claims under Title VII and the Michigan Elliot-Larsen Civil Rights Act. Plaintiff Dillard's EEOC file was closed on August 5, 2005 due to the pending litigation.

On August 16, 2006, the court granted Inalfa's motion for summary judgment on Plaintiff's federal claims, and dismissed without prejudice Plaintiff's state law claims. The court also determined that because Plaintiff Dillard had withdrawn his EEOC action, he had failed to exhaust his remedies. On August 31, 2006, Inalfa filed a motion for attorneys' fees as the prevailing party in a Title VII lawsuit.

### III. STANDARD

The statutory authority governing the awarding of attorney's fees comes from 42 U.S.C. 2000(e-5)(k), which states that "[i]n any action or proceeding under this title the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." "The court's ability to award fees to a prevailing defendant, however, is tempered by consideration of the frivolity of the plaintiff's action. *EEOC v. Bellemar*

*Parts Indus.*, Inc., 868 F.2d 199, 200 (6th Cir. 1989) (citing *Christiansburg Garment Company v. EEOC,* 434 U.S. 412, 422 (1977) ("[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.").

### III. DISCUSSION

### A. Timeliness

Federal Rule of Civil Procedure 54(d)(2)(B) states that, "[u]nless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after the entry of the judgment." Here, 42 U.S.C. 2000(e-5)(k) does not provide a time frame for filing a motion for attorneys' fees. Therefore, Rule 54(b)(2)(B)'s fourteen-day time period applies to the present motion. *See Barna v. City of Cleveland*, Nos. 96-3971, 96-4178, 97-4130, 1998 WL 939884 (6th Cir. Dec. 22, 1998) (applying Rule 54(d)(2)(B)'s fourteen-day time limit to a motion for attorneys' fees brought by a successful Title VII litigant under 42 U.S.C. § 2000e). Rule 54(d)(2)(B)'s fourteen-day time limit is mandatory, and a late filing is only permitted if the movant requests an enlargement of time within the fourteen-day period or demonstrates excusable neglect under Federal Rule of Civil Procedure 6(b)(2). *Allen v. Murph*, 194 F.3d 722, 723-24 (6th Cir. 1999); *see also Barna*, 1998 WL 939884 at *5 (affirming district court's finding that the movant demonstrated excusable neglect under Rule 6(b) in failing to file its motion for attorneys' fees within fourteen days as required by Rule 54(d)(2)(B)).

In the instant case, the court entered its order granting Inalfa's motion for summary judgment on August 16, 2006. Inalfa's did not file its motion for attorney's fees

until August 31, 2006, fifteen days after the court's order.[1]  Additionally, Inalfa has neither filed a motion for enlargement of time nor proffered a basis for the court to find excusable neglect.  While neither party has addressed this discrepancy, the court nonetheless finds that under these circumstances the court is required to deny Inalfa's motion.  *See Horne v. City of Hamilton*, No. 98-3601, 1999 WL 313902 (6th Cir. May 3, 1999) (finding an abuse of discretion when the district court granted an untimely motion for attorneys' fees when there was no showing of excusable neglect or a motion for an extension of time).

### B.  Attorneys' Fees

Even had Inalfa's motion been timely, the court would nonetheless deny the motion on the merits.  In *Christiansburg*, the Supreme Court set out standards for courts to utilize in deciding whether to exercise their discretion and award attorneys' fees under 42 U.S.C. 2000(e-5)(k).  The *Christiansburg* Court found that a plaintiff should not be assessed his opponent's attorney's fees unless "his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so," though bad faith is not a requirement.  *Christiansburg*, 434 U.S. at 421-22.  While the fact that all of Plaintiffs' claims were disposed of in summary judgment is a factor for the court to consider in determining whether to award fees, this fact alone is not dispositive.  *See Balmer v. HCA, Inc.* 423 F.3d 606, 615-16 (6th Cir. 2005).  Awarding attorneys' fees against a losing Title VII plaintiff "is an extreme sanction, and must be limited to truly

---

[1] See Federal Rule of Civil Procedure 6 for rules relating to the computation of time.

4

egregious cases of misconduct." *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986).

Applying these principles to the facts of the instant case, it is evident that although Plaintiffs' claims did not survive Inalfa's motion for summary judgment, their claims did not rise to the level of frivolity needed to justify granting Inalfa's motion for attorneys' fees.  The court found that Plaintiffs Jenkins, Reed and Wilson established the first three prongs of their prima facie Title VII hostile work environment claim by demonstrating that they had been subject to unwelcome harassment motivated by their race.  While the court ultimately decided that Plaintiffs failed to establish vicarious liability, their argument to the contrary was not unreasonable.  Similarly, Plaintiff Dillard proffered a good faith reason for failing to exhaust his administrative remedies.   Although the court found that the single-filing rule did not excuse his failure to exhaust, Dillard's assertion to the contrary was not frivolous.

Inalfa contends that, because the court's decision to grant Inalfa's summary judgment motion relied on the same basis the EEOC used in dismissing Plaintiffs' claims on April 9, 2003, Plaintiffs had knowledge that their claims were factually and legally deficient.  (Def.'s Mot. at 7-8.)  Inalfa also points to its Feburary and March 2006 attempts to seek Plaintiff's concurrence in dismissing the case as evidence that Plaintiffs were on notice that their claims were baseless.  (Def.'s Mot. Br. at 3 n.1; Def.'s Ex. 5 & 6.)  A review of Inalfa's correspondence reveals, however, that the court rejected a number of Inalfa's positions.  The fact that the court ultimately agreed with the EEOC and Inalfa on other dispositive issues does not make Plaintiffs' claims frivolous.  Indeed, the Supreme Court has stressed that "[i]n applying these criteria, it is important that a

5

district court resist the understandable temptation to engage in post hoc reasoning by concluded that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22.

Furthermore, in their response to Inalfa's motion for summary judgment, Plaintiffs conceded that their racial discrimination claims should be dismissed because they were unable to establish pretext. While Plaintiffs failed to concede the issue early enough to prevent Inalfa from incurring attorneys' fees in drafting its summary judgment motion, Plaintiff's concession indicates a willingness to dismiss any claims that they found were groundless. The court is not convinced that Plaintiffs acted unreasonably in bringing their claims.

## IV. CONCLUSION

IT IS ORDERED that Defendant's "Motion for Attorney's Fees" [Dkt. # 27] is DENIED.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: November 3, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 3, 2006, by electronic and/or ordinary mail.

s/Lisa G. Wagner<br>
Case Manager and Deputy Clerk<br>
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\05-72621.DILLARD.OrderDenyAttyFees.wpd